E-FILED
Tuesday, 04 May, 2021  11:12:37 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-cv-3237** |
| | ) | |
| **T & C INN, LLC, d/b/a TOWN &** | ) | |
| **COUNTRY INN AND SUITES QUINCY,** | ) | |
| **an Illinois Limited Liability Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This case is before the Court on Defendant T & C Inn, LLC's

Motion to Dismiss, d/e 7, pursuant to Federal Rule of Civil

Procedure 12(b)(1).   For the reasons that follow, the motion is

DENIED.

## I. INTRODUCTION

In September 2020, Plaintiff Deborah Laufer ("Plaintiff") filed a

Complaint against T & C Inn, LLC d/b/a Town & Country Inn and

Suites Quincy, an Illinois Limited Liability Company, ("Defendant")

bringing claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (the "ADA").   Plaintiff alleges that the online reservation system used to make reservations for Defendant's hotel is not accessible to persons with disabilities and, therefore, violates the ADA.   Plaintiff seeks declaratory judgment and injunctive relief as well as attorney's fees and costs.   Defendant has moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.   Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).   However, the plaintiff bears the burden of proving the jurisdictional requirements have been met.   Ctr. for Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th

Cir. 2014).   "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Alicea-Hernandez, 320 F.3d at 701.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiffs' Complaint.   These facts are accepted as true at the motion to dismiss stage.

Plaintiff is a resident of Florida and qualifies as an individual with disabilities as defined by the ADA.   Compl. ¶ 1.   Plaintiff uses a wheelchair, has limited use of her hands, and is visually impaired.   Id.   Plaintiff requires certain accommodations when traveling outside of her home.   Id.   Plaintiff describes herself as an advocate for the rights of persons with disabilities and a tester for the purpose of determining whether places of public accommodation and their websites are in compliance with the ADA. Id. at ¶ 2.

Defendant operates a place of lodging known as Town & Country Inn and Suite Quincy in Quincy, Illinois.   Id. at ¶ 3.

Page **3** of **12**

Defendant, either itself or by and through a third party, implemented, operates, controls and/or maintains websites for the hotel which contain an online reservation system.  Id. at ¶ 9. Plaintiff visited these websites on multiple occasions and found that the websites did not identify accessible rooms or allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible.  Id. at ¶ 10.

Plaintiff alleges that she intends to visit the websites again in the future to test them for compliance with the ADA.  Id. at ¶ 11. Plaintiff alleges that as a result of the allegedly non-ADA-compliant reservation websites she has suffered and will continue to suffer direct and indirect injury.  Id. at. ¶ 14.

## IV. ANALYSIS

To have standing to bring a claim, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins,

136 S. Ct. 1540, 1547 (2016) (citing <u>Lujan v. Defs. of Wildlife</u>, 504
U.S. 555, 560-61 (1992)) (other citation omitted).   An injury in fact
is "an invasion of a legally protected interest which is (a) concrete
and particularized, and (b) actual or imminent, not conjectural or
hypothetical."   <u>Meyers v. Nicolet Rest. of De Pere, LLC</u>, 843 F.3d
724, 726 (7th Cir. 2016) (quoting <u>Lujan</u>, 504 U.S. at 560).

   Title III of the ADA prohibits discrimination against individuals
with disabilities in public accommodations.   42 U.S.C. §§ 12181-
12189.   Title III of the ADA sets forth, as a general rule, that "[n]o
individual shall be discriminated against on the basis of disability
in the full and equal enjoyment of the goods, services, facilities,
privileges, advantages, or accommodations of any place of public
accommodation by any person who owns, leases (or leases to), or
operates a place of public accommodation."   42 U.S.C. § 12182(a).
The regulations implementing the ADA require hotel booking
websites to provide reservations for "accessible guest rooms" and to
"identify and describe accessible features in the hotels and guest
rooms offered through its reservations service in enough detail to

reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."   Laufer v. Surf Hotel Invs. LLC, 2021 WL 809732, at *1 (N.D. Ill. Mar. 3, 2021) (quoting 28 C.F.R. § 36.302(e)(1)(i)-(ii)).

Because she seeks prospective injunctive relief, Plaintiff must allege a "real and immediate" threat of future ADA violations. Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."   Lujan, 504 U.S. at 564 (citation omitted).   In addition to a past injury, then, a plaintiff seeking injunctive relief must also allege that the discrimination will continue and cause future injury.   Scherr, 703 F.3d at 1074.   This threat of future injury can be shown by an intent to return to or use the public accommodation, id., but the threat can also be shown by establishing that the plaintiff is reasonably deterred from the accommodation because of the discrimination.   See Chapman v.

<u>Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 949 (9th Cir. 2011) (en banc); <u>Scherr v. Marriot Int'l, Inc.</u>, 833 F. Supp. 2d 945, 951 (N.D. Ill. 2011), <u>aff'd</u>, 703 F.3d 1069 (7th Cir. 2013).

Plaintiff alleges that she visited Defendant's reservation websites and discovered that the websites do not contain information required by the ADA.   Compl. ¶ 10.   Plaintiff alleges that she suffered injury as a result of the allegedly non-compliant websites, including but not limited to infringement of her right to travel free of discrimination, deprivation of information required to make meaningful choices for travel, and frustration and humiliation.   <u>Id.</u> at ¶ 13-14.   Plaintiff further alleges that she intends to visit the websites again, but that she is continuously aware that the websites remain non-compliant with the ADA and, therefore, it would be futile for her to revisit websites as long as the violations exist unless she is willing to suffer additional discrimination.   <u>Id.</u> at 11-12.

Defendant argues that Plaintiff lacks standing because she has not alleged an injury-in-fact.   Def.'s Mem. Law Supp. Mot. to

Dismiss 4-6.   Defendant also argues that Plaintiff does not have standing to obtain injunctive relief because she had not properly alleged a real and immediate threat of future injury.   Id. at 6-8.

Defendant notes that Plaintiff's status as a tester does not automatically confer standing, but her status as a tester does not automatically defeat standing either.   Id. at 3.   A tester in this context is a person who seeks out places of public accommodation to identify ADA violations without necessarily intending to actually use the public accommodation.   See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) (defining the meaning of "tester" in the context of investigating housing discrimination); Laufer v. Lily Pond LLC C Series, 2020 WL 7768011, at *1 (W.D. Wis. Dec. 30, 2020) (defining an ADA tester as "someone who investigates and identifies businesses that are not in compliance with the ADA").

A tester still must satisfy the elements of standing, including the injury-in-fact requirement.   Def.'s Mem. Law Supp. Mot. to Dismiss 3 (citing Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019)).   Neither the Supreme Court nor the

Seventh Circuit have specifically held that testers have standing

under the ADA, but it is well established that testers have standing

to sue to enforce similar civil rights statutes.   See, e.g., Havens

Realty, 455 U.S. at 374 (finding testers had standing under the Fair

Housing Act).

The Supreme Court's determination of whether each of the

plaintiffs had standing to sue in Havens Realty was guided by that

Court's decision in Gladstone, Realtors v. Village of Bellwood, 441

U. S. 91, that "Congress intended standing under § 812 of the Fair

Housing Act to extend to the full limits of Art[icle] III," and that the

courts accordingly lack authority to create prudential barriers to

standing in suits brought under that section.   Gladstone, 455 U.S.

at 103, n.9.   Based in part on decisions such as these, and the

similar nature of the statutes being tested, the Seventh Circuit has

held that "testers who experience discrimination as they apply for

jobs have standing to sue under Title VII" of the Civil Rights Act of

1964.   Kyles v. J.K. Guardian Sec. Servs., Inc., 222 F.3d 289, 298

(7th Cir. 2000).   Similarly, the First, Fourth, Sixth, Ninth, Tenth,

and Eleventh Circuit Courts have found standing for testers under the ADA.   See Suarez-Torres v. Panaderia Y Reposteria Espana, Inc., 988 F.3d 542 (1st Cir. 2021); Mosley v. Kohl's Dep't Stores, Inc., 942 F.3d 752 (6th Cir. 2019); Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447 (4th Cir. 2017); Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093 (9th Cir. 2017); Colo. Cross Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205 (10th Cir. 2014); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323 (11th Cir. 2013).

The Seventh Circuit has held that a website can be a place of public accommodation even independent of any connection to a physical space.   See Morgan v. Joint Admin Bd. Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC, 268 F.3d 456, 459 (7th Cir. 2001) (rejecting an interpretation of public accommodation as denoting only a physical site); Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557, 558 (7th Cir. 1999) ("[T]he owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, Web site, or other facility (whether in physical space or in

electronic space) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do.") (internal citation omitted).

The Court concludes that Plaintiff has established standing. Plaintiff alleges that she visited the reservation websites and discovered that the websites do not contain accessibility information required by the ADA.   The inability to obtain information that is statutorily mandated to be provided is an injury-in-fact sufficient to establish standing.   See Carello, 930 F.3d at 835 (quoting Spokeo, 136 S. Ct. at 1549).   Plaintiff further alleges that she suffered injury as a result and that she intends to visit the websites again but that it would be futile for her to do so as long as the violations continue unless she is willing to suffer additional discrimination.   This is enough to plausibly state a violation of the ADA and establish Plaintiff's standing.   Because Plaintiff has alleged that she is presently deterred from the accommodation because of discrimination and that the discrimination will continue,

the threat of future discrimination is both real and immediate, so

Plaintiff can pursue prospective relief as well.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss,

d/e 7, is DENIED.   Defendant is directed to answer the Complaint

by and including May 18, 2021.


ENTER:   May 4, 2021

FOR THE COURT:

/s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE